# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| La'Quan D. Bryan, | ) | Civil Action No. 1:18-cv-3007-RMG |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| Charles Williams, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 27) recommending the Court dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Petition"). For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R, and the Complaint is dismissed without prejudice.

## I.  Background

On November 7, 2018, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner alleges his guilty plea was involuntary based on ineffective assistance of counsel. (*Id.*) Respondent moved for summary judgment on January 24, 2019. (Dkt. Nos. 21, 22.) Petitioner has filed nothing since December 6, 2018, when he filed an Amended Petition. (Dkt. No. 16.) Petitioner has not filed a response to Respondent's motion for summary judgment which, per the *Roseboro* order, was due on February 25, 2019. (Dkt. No. 23.) In fact, all mail from the Court addressed to Petitioner at the McCormick Correctional Institution has been returned as undeliverable since the first proper form order issued on December 5, 2018. (Dkt. Nos. 11, 17.) The Proper Form Orders were forwarded to Perry Correctional Institution, where Petitioner was previously transferred, and Lee Correctional Institution, where it appears Petitioner is currently housed. (Dkt. Nos. 25, 26.) Nonetheless, the mail was returned as

1

undeliverable. (*Id.*) Further, Petitioner did not provide the Court with an updated address, as required by the proper form orders. (Dkt. Nos. 5, 11.) Regardless, Petitioner also failed to respond to the motion for summary judgment within the time allotted. (Dkt. No. 23.) Therefore, the Magistrate Judge issued a Report and Recommendation recommending dismissal for failure to prosecute. (Dkt. No. 27.) Petitioner has not filed objections.

## II. <u>Legal Standard</u>

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R to which Petitioner specifically objects. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any

explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner did not file objections in this case, and the R & R is reviewed for clear error.

### III. Discussion

The Petitioner failed to respond to Defendants' motion for summary judgment, has not provided an updated mailing address, and has not responded to any motions or orders since, at the latest, December 6, 2018. Petitioner's lack of response to the *Roseboro* order and motion for summary judgment, and failure to update his mailing address, indicates an intent not to prosecute this case and the Petition is therefore subject to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning). Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss the Complaint for failure to prosecute. However, the Court determines that dismissal without prejudice is appropriate.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R of the Magistrate Judge (Dkt. No. 27), and Petitioner's Petition is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

3

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to comply with the Court's orders and failed to prosecute his Petition. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 13, 2019
Charleston, South Carolina

4